Dickon Tong v Granat (2025 NY Slip Op 00412)

Dickon Tong v Granat

2025 NY Slip Op 00412

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 650264/21 Appeal No. 3566-3577 Case No. 2023-03120, 2023-06467 

[*1]Dickon Tong, Plaintiff-Appellant,
v
Jeffrey Granat et al., Defendants-Respondents.

Dickon Tong, appellant pro se.
Law Offices of Eric Grannis, New York (Eric Grannis of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered October 6, 2023, in favor of defendants tenants and against plaintiff landlord in the amount of $18,280, and adjudging the complaint dismissed, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 23, 2023, which granted defendants' motion for summary judgment dismissing the complaint, denied plaintiff's cross-motion for summary judgment, and set a hearing to determine attorneys' fees, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly dismissed the complaint and awarded judgment to defendants. Although an April 23, 2020 email from defendant Jeffrey Granat to plaintiff stated, "We are opting to renew our apartment lease from July 1, 2020 to June 30, 2021," that email did not trigger a renewal of the parties' lease. The lease did not give defendants an irrevocable option to renew, but rather, gave plaintiff the option to renew the lease upon reimbursement of a broker's fee to defendants. Thus, Granat's April 23, 2020 email could not by itself renew the lease. Furthermore, at the time of the April 23, 2020 email, plaintiff had not offered or accepted renewal of the lease. Therefore, the offer and acceptance required for the formation of a contract had not occurred (see Kowalchuk v Stroup, 61 AD3d 118, 122 [1st Dept 2009]).
The court also properly rejected plaintiff's attempt to seek compensation for alleged damages to the apartment. The complaint did not contain statements sufficiently particular to give the court and defendants notice that he would make that claim (CPLR 3013; see Colleran v Rockman, 232 AD2d 322, 323 [1st Dept 1996]).
We have considered plaintiff's remaining contentions, including his request for sanctions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025